UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

STEVEN L. SPENCER,

                Petitioner,

        V.

DOMINIC J. MANTELLO, Superintendent,
Coxsackie Correctional Facility,[1]

                Respondent.

_____

**REPORT AND
RECOMMENDATION**

**01-CV-112**

## I. INTRODUCTION

Petitioner, Steven Spencer, acting *pro se*, commenced this action seeking habeas

corpus relief under 28 U.S.C. § 2254.  Petitioner is an inmate at the Mohawk Correctional

Facility.  In 1999, he was convicted in a New York State court and was sentenced to a term

of imprisonment.  He contends that his conviction was imposed in violation of his

constitutional rights and should be vacated.

This matter was referred to the undersigned by the Honorable Norman A. Mordue,

Chief United States District Judge, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and is

presently before this Court for a report and recommendation. (Docket No. 15).

_____

[1]Dominic Mantello, the named respondent in this action, was the superintendent of the
correctional facility where Petitioner was incarcerated when he filed this action.  However, given that
Petitioner is now incarcerated in the Mohawk Correctional Facility, the correct Respondent is Leo Payant,
the Superintendent of the Mohawk Correctional Facility.  28 U.S.C. § 2243.  In light of Petitioner's *pro se*
status and the fact that this will in no way prejudice Respondent, and in the interests of court efficiency,
this Court will deem the Petition amended to change the name of Respondent to Leo Payant.
     The Clerk of the Court is directed to terminate Dominic Mantello as Respondent, add Leo Payant,
Superintendent of the Mohawk Correctional Facility, as the new Respondent, and revise the caption of this
case accordingly.

## II. BACKGROUND

**A.   Facts**

The following factual summary is derived from the state court records.  In the early hours of February 10, 1998, Petitioner and two young accomplices broke into a video arcade, two hardware stores, a restaurant, and a laundromat in the Village of Sidney, New York.  (T. at 10- 15).[2]  Petitioner stole and damaged property in those establishments in the amount of approximately $2250.00.

After the two accomplices implicated Petitioner, Sergeant Michael Hood ("Hood") of the Sidney Police Department obtained a search warrant  for Petitioner's residence on February 10, 1998.  (SH at 4 - 6).[3]  The warrant specified that the items to be searched for were: cash, a dog leash, and burglary tools.  Id. at 4, 37.  Hood and Commissioner Craig Whitten ("Whitten") went to Petitioner's residence to execute the warrant.  (Id. at 6, 37). While searching Petitioner's residence, Hood and Whitten found additional items.  Id. at 6, 38- 41.   Hood and Whitten believed the additional items to be stolen property from other burglaries they were investigating.  Id.  The police stopped their search, photographed the residence, and sought a second search warrant for the additional items.  Id. at 6 -7, 17, 37. The police officers obtained the second warrant, returned to Petitioner's home and seized the additional items.  Id.

---

[2] References preceded by "T" are to the transcript pages of Petitioner's trial.  Defendant was represented by David Roosa, Esq. at trial.

[3] References preceded by "SH" are to the transcript pages of Petitioner's Suppression Hearing, held on February 1, 1999.

On October 19, 1998, Petitioner consented to be prosecuted by Superior Court Information Number 98-033.  That information charged Petitioner with twelve offenses, including four counts of Burglary in the Third Degree, in violation of New York Penal Law ("N.Y.P.L.") § 140.20;[4]  four counts of Petit Larceny, in violation of N.Y.P.L. §155.25; two counts of Criminal Mischief in the Third Degree, in violation of N.Y.P.L. §145.05; and one count of Criminal Mischief in the Second Degree, in violation of N.Y.P.L. §145.10. (T at 9-15).

**B.     State Trial Court Proceedings**

The Honorable Robert L. Estes, Delaware County Court Judge, presided over Petitioner's trial court proceedings.  On February 1, 1999, a Suppression Hearing was held concerning the physical evidence seized during the search.  (SH at 1).  On February 3, 1999, Judge Estes held that four of the items seized by the police officers would be suppressed, but that the remainder were obtained legally from Petitioner's residence.  Judge Estes held that the four items to be suppressed were outside the scope of the original warrant. However, Judge Estes went on to commend the police for suspending their search when they saw the additional items and for applying for an additional search warrant.

Petitioner's trial began on February 8, 1999.  The jury found Petitioner guilty of four counts of Burglary in the Third Degree, four counts of Petit Larceny, and two counts of Criminal Mischief in the Third Degree.  (T at 378-381).  Petitioner was found not guilty of Criminal Mischief in the Second Degree.  (T at 380-381).

Judge Estes sentenced Petitioner on March 22, 1999.  Petitioner was sentenced as

---

[4]Unless indicated, all references to the N.Y.P.L. are to McKinney 1998.

a second felony offender.  (S at 9-12)[5].  On the first count of Burglary in the Third Degree, Petitioner was sentenced as a second felony offender to an indeterminate term of 3 ½ to 7 years (to run consecutive to any undischarged term), 1 year on the four counts for petit larceny (to run concurrent with the other imposed sentences), 3 ½ to 7 years on the second count of Burglary in the Third Degree (to run consecutive to the first count of Burglary), 3 ½ to 7 years on the third count of Burglary in Third Degree (to run consecutive to the second count of Burglary), 2 to 4 years on the count of Criminal Mischief in the Third Degree (to run consecutive to the third count of Burglary), 3 ½ to 7 years on the fourth count of Burglary in the Third Degree (to run consecutive to the third count of Burglary and the first count of Criminal Mischief), 2 to 4 years on the second count of Criminal Mischief in the Third Degree (to run consecutive to the fourth count of Burglary), and 1 year for Criminal Mischief in the Fourth Degree (to run concurrently with the first count of Burglary).  Id.  Petitioner's aggregate sentence totaled 18 to 36 years.

## C.    State Appellate Proceedings

Petitioner, acting *pro se*, filed a motion to vacate his conviction pursuant to Criminal Procedure Law § 440.10.  Petitioner raised the following three arguments in support of his motion: (1) that the evidence seized from his apartment was taken in violation of his constitutional rights, (2) that he received ineffective assistance of counsel based on his lawyer's failure to convey a plea offer to him, and (3) that new evidence had been discovered.  On September 14, 1999, Judge Estes denied Petitioner's motion.

Petitioner then appealed his conviction to the Appellate Division, Third Department,

---

[5]References preceded by "S." are to pages of the transcript of the sentencing proceeding held before Delaware County Court Justice Robert Estes on March 22, 1999.

of the New York State Supreme Court.  Petitioner raised the following six arguments in support of his appeal: (1) that the items in his residence were unlawfully seized when the police photographed them to obtain a second warrant and that the trial court erred when it allowed most of those items into evidence at trial, (2) that the trial court erred when it denied Petitioner's motion to dismiss counts two, eight, and eleven on the grounds that the evidence was legally insufficient to corroborate the testimony of his alleged accomplices, (3) that the prosecutor made improper remarks during summation that deprived him of a fair trial, (4) that the evidence was legally insufficient to establish Petitioner's guilt beyond a reasonable doubt, (5) that his sentence was harsh and excessive, and (6) that the trial court erred when it denied Petitioner's motion to vacate his sentence pursuant to Criminal Procedure Law § 440.10 without a hearing.

In a decision issued on May 11, 2000, the Appellate Division unanimously affirmed Petitioner's conviction. People v. Spencer, 708 N.Y.S.2d 488 (3d Dep't 2000).  The Appellate Division found that the photographing "did not constitute an additional invasion of defendant's privacy beyond that incident to the proper execution of a search warrant." Id.  Further, the appeals court noted that the evidence at trial was more than sufficient to support the accomplice testimony underlying counts two, eight, and eleven, as well as the ultimate verdict. Id.  The appeals court rejected Petitioner's argument that his sentence was harsh and excessive, stating that it was well within the permissible sentencing range. Id.  They went on to say that his claim for ineffective assistance of counsel was a "bare and unsubstantiated allegation" not warranting a hearing. Id.

On July 28, 2000, the New York Court of Appeals denied Petitioner's motion for leave to appeal. People v. Spencer, 95 N.Y. 2d 858 (2000).

5

**D.     Federal Habeas Corpus Proceedings**

Petitioner commenced this action on January 24, 2001, by filing a *pro se* Petition for

a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  (Docket No. 1).  Thereafter, the

Respondent filed submissions outlining its position.  (Docket No. 6 & 7).[6]

## III. DISCUSSION

**A.     Federal Habeas Corpus Standard**

Federal habeas corpus review of a state court conviction is governed by 28 U.S.C. §

2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

Under AEDPA, federal courts must give substantial deference to a state court determination

that has adjudicated a federal constitutional claim "on the merits."  28 U.S.C. § 2254(d);

Sellan v. Kuhlman, 261 F.3d 303, 309-10 (2d Cir. 2001).  Specifically, AEDPA requires that

where a state court has adjudicated the merits of a Petitioner's federal claim, habeas corpus

relief may not be granted unless the state court's adjudication:

> (1) resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established Federal law, as
> determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented in
> the State court proceeding.

28 U.S.C. § 2254(d).

---

[6] Both Petitioner's letter request of June 4, 2001, requesting an extension of time to respond to Respondent's Answer and his "Notice of Motion to File a Reply to Respondent's Answer to Petitioner's Writ of Habeas Corpus" were rejected for failure to file the proper motion and for failure to submit a copy of his reply.  (Docket No. 10 & 11).  No further motions or submissions were made by Petitioner.

6

In Williams v. Taylor, 529 U.S. 362, 413 (2000), the Supreme Court defined the phrases "contrary to" and "unreasonable application of" clearly established federal law. A state court decision is "contrary to clearly established federal law . . . if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Court] has on a set of materially indistinguishable facts." Id. A state court decision involves "an unreasonable application of" Supreme Court case law if it "identifies the correct governing legal principle from [the Court's] decisions but unreasonably applies that principle to the particular facts of [a] prisoner's case." Id.

While both AEDPA and its predecessor statute recognize that a presumption of correctness shall apply to state court findings of fact, Whitaker v. Meachum, 123 F.3d 714, 715 n. 1 (2d Cir. 1997), AEDPA also requires a Petitioner to rebut that presumption by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1); LanFranco v. Murray, 313 F.3d 112, 117 (2d Cir. 2002). A presumption of correctness applies to findings by both state trial and appellate courts. Galarza v. Keane, 252 F.3d 630, 635 (2d Cir. 2001); Whitaker, 123 F.3d at 715 n.1.

If, however, the federal court cannot determine whether the state court has adjudicated a Petitioner's federal constitutional claims on the merits, the federal constitutional claims are considered as not having been determined on the merits and, as such, the federal court applies the pre-AEDPA, *de novo*, review standard, even where the petition was filed after the effective date of the statute. See Sellan, 261 F.3d at 314; Boyette v. Lefevre, 246 F.3d 76, 89, 91 (2d Cir. 2001).

A federal claim is adjudicated on the merits when the state court "(1) disposes of the

claim 'on the merits,' and (2) reduces its disposition to judgment." <u>Sellan</u>, 261 F.3d at 312. In other words, in order to invoke the deferential standards of 2254(d)(1), "the state court need only dispose of the Petitioner's federal claim on substantive grounds, and reduce that disposition to judgment.  No further articulation of its rationale or elucidation of its reasoning process is required." <u>Aparicio v. Artuz</u>, 269 F.3d 78, 93-94 (2d Cir. 2001) (citing <u>Sellan</u>, 261 F.3d at 312).  If there is no indication that the federal claim has been decided on procedural grounds, the federal claim will be deemed to have been adjudicated on the merits.  <u>Brown v. Artuz</u>, 283 F.3d 492, 498 (2d Cir. 2002).

**B.    Petitioner's Claims**

Petitioner asserts the following four claims in support of this Petition: (1) that the items in his residence were unlawfully seized when the police photographed them to obtain a second warrant and that the trial court erred when it allowed most of those items at trial, (2) that he received ineffective assistance of counsel based on his trial lawyer's failure to convey a plea offer to him, (3) that the trial court erred when it denied Petitioner's motion to dismiss counts two, eight, and eleven on the grounds that the evidence was legally insufficient to corroborate accomplice testimony, and (4) that his sentence was harsh and excessive.

**1.    Search and Seizure**

Petitioner asserts that his Fourth Amendment right to privacy was violated when police officers photographed items in his apartment while executing a search warrant.

Respondent argues that Petitioner's claim for habeas relief on this ground must be denied because the claim that his Fourth Amendment rights were violated is not cognizable

on Federal habeas review. *See* Respondent's Memorandum of Law at 5 (Docket No. 7).  As Respondent correctly notes, in <u>Stone v. Powell</u>, the Supreme Court held that "where the State has provided an *opportunity* for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." 428 U.S. 465, 482 (1976) (emphasis added).

Following <u>Stone v. Powell</u>, the Second Circuit developed a "litmus test to discern when a state prisoner has been denied an opportunity for full and fair litigation of his fourth amendment claims." <u>Capellan v. Riley</u>, 975 F.2d 67, 69-71 (2d Cir. 1992)(citing <u>Gates v. Henderson</u>, 568 F.2d 830 (2d Cir. 1977)(en banc)).  " '[A]ll that the [Supreme] Court required [in <u>Stone</u>] was that the state [ ] provide[ ] the *opportunity* to the state prisoner for a full and fair litigation of the Fourth Amendment claim····' " <u>Id.</u> (quoting <u>Gates</u>, 568 F.2d at 839)(emphasis in original).

The Second Circuit concluded that review of Fourth Amendment claims presented by habeas petitioners would be undertaken in only one of two instances: (a) if the State provided no corrective procedures at all to redress the alleged Fourth Amendment violations; or (b) if the State has provided a corrective mechanism, but the defendant was precluded from using that mechanism because of an "unconscionable breakdown in the underlying process." <u>Id.</u> (quoting <u>Gates</u>, 569 F.2d at 840 and citing <u>McPhail v. Warden Attica Correctional Facility</u>, 707 F.2d 67, 70 (2d. Cir 1983)).

Notably, all that must be shown is that the State has provided an opportunity to litigate the petitioner's Fourth Amendment claim; it matters not whether the petitioner actually "took advantage of the State's procedure." <u>Graham v. Costello</u>, 299 F.3d 129,134 (2d Cir. 2002).

9

In fact, as the Second Circuit has noted, "the 'federal courts have approved New York's procedure for litigating Fourth Amendment claims, embodied in N.Y.Crim. Proc. Law § 710. 10 *et seq.* (McKinney 1984 & Supp.1988), as being facially adequate.' " Capellan, 975 F.2d at 70 n.1 (quoting Holmes v. Scully, 706 F. Supp. 195, 201 (E.D.N.Y. 1989) and citing Gates, 568 F.2d at 837 & n.4; Shaw v. Scully, 654 F. Supp. 859, 864 (S.D.N.Y. 1987)).

Here, Petitioner does not contend that New York failed to provide a corrective procedure to redress his alleged Fourth Amendment claim. Indeed, Petitioner actually took advantage of New York's procedure for litigating his Fourth Amendment claim, raising it before the trial court at a suppression hearing and then pursuing it on direct appeal to the intermediate appellate court.

Moreover, Petitioner has not made any allegations that "an unconscionable breakdown" occurred in the existing process in violation of his constitutional rights; rather, he asserts only that the state courts erred in deciding his claim. This, however, is insufficient for purposes of allowing the Fourth Amendment claim to proceed on federal habeas review. *See* Capellan, 975 F.2d at 71 ("Even if [petitioner] were correct in his allegation that the Appellate Division erroneously decided this issue, a petitioner cannot gain federal review of a fourth amendment claim simply because the federal court may have reached a different result.") (citing Gates, 568 F.2d at 839).

The Second Circuit explained that reading Stone v. Powell as requiring the reviewing court "to focus on the correctness of the outcome resulting from the application of adequate state court corrective procedures, rather than on the existence and application of the corrective procedures themselves, would be assuming, implicitly at least, that state courts were not responsible forums in which to bring constitutional claims such as is presented

10

herein." <u>Capellan</u> 975 F.2d at 71.

According to the Second Circuit, <u>Stone v. Powell</u> "expressly discourage[d][it] from making any such assumption." <u>Id.</u> (citing 428 U.S. at 493-94 n.35).  ("[W]e are unwilling to assume that there now exists a general lack of appropriate sensitivity to constitutional rights in the trial and appellate courts of the several States."). Thus, to the extent that Petitioner claims that the state courts erred in their rulings, this does not give this Court the authority to review his claims "since a mere disagreement with the outcome of a state court ruling is not the equivalent of an unconscionable breakdown in the state's corrective process."  <u>Id.</u> Accordingly, Petitioner's Fourth Amendment claim is not cognizable in this federal habeas proceeding and should be DISMISSED.

**2.   Ineffective Assistance of Counsel**

Petitioner's second ground for habeas relief is brought on a theory of ineffective assistance of trial counsel.  Specifically, Petitioner contends that his trial counsel, David Roosa, failed to convey a plea offer to him.  Respondent argues that Petitioner has failed to exhaust his remedies with respect to this second ground of his habeas Petition.  Respondent cites "Exhibit 11," a part of the state court record, which is Petitioner's letter to the Court of Appeals, drafted by his appellate counsel[7].  The letter asks for two questions of law to be reviewed by the Court of Appeals; specifically, Petitioner's search and seizure claim and whether there was corroborative evidence to support the accomplice testimony.  There is no mention of ineffective assistance of counsel.  <u>See</u> Exhibit 11.

Generally, federal habeas relief is not available unless a petitioner "has exhausted the

---

[7] Teresa C. Muliken was assigned as Petitioner's appellate counsel.

remedies available in the courts of the State." Jones v. Keane, 329 F.3d 290, 294 (2d Cir. 2003) (citing 28 U.S.C. §§ 2254 (b)(1)(A)). "By requiring exhaustion, 'federal courts recognize that state courts, no less than federal courts, are bound to safeguard the federal rights of state criminal defendants.'" Jones, 329 F.3d at 294 (quoting Daye v. Att'y Gen. Of N.Y., 696 F.2d 186, 191 (2d Cir. 1982)).

"Exhaustion requires a petitioner fairly to present the federal claim in state court." Jones, 329 F.3d at 294. A claim is "fairly presented" only if the petitioner has "informed the state court of both the factual and legal premises of the claim he asserts in federal court." Dorsey v. Kelly, 112 F.3d 50, 52 (2d Cir. 1997). The claim must be presented to the state's highest court. Morgan v. Bennett, 204 F.3d 360, 369 (2d Cir. 2000). Petitioner has failed to exhaust the claim made in ground two of his habeas Petition. He did not provide the Court of Appeals with either the factual or legal basis of this claim.

This Court is precluded from considering procedurally defaulted claims unless Petitioner "can show cause for the default and prejudice attributable thereto, or demonstrate that failure to consider the federal claim will result in a fundamental miscarriage of justice." Harris v. Reed, 489 U.S. 255, 262 (1989) (citations and internal quotations omitted); see also Schlup v. Delo, 513 U.S. 298, 321(1995) (a fundamental miscarriage of justice requires a showing of "actual innocence"). Petitioner cannot make that showing. Nor is there any basis in the record for overlooking his procedural default.

Even if this Court were to look at the merits of Petitioner's ineffective assistance of counsel claim, Petitioner would not prevail. As the Appellate Division noted in its decision, "[d]efendant made only a bare and unsubstantiated allegation that his attorney failed to inform him of a 'second plea offer' without any description of the parties' plea negotiations,

an indication that the alleged offer was materially different from previous or subsequent offers, or any allegation that he would have accepted the offer had it been conveyed." People v. Spencer,  708 N.Y.S.2d at 492.

   For these reasons, Petitioner's claims for habeas relief on ground two should be DENIED.

### 3.   Corroborative Evidence

Petitioner's third claim for relief is that the trial court erred when it did not dismiss counts 2, 8, and 11 on the grounds that the prosecution failed to provide corroborative evidence to support the accomplice testimony.  Under New York's rules of evidence, "[a] defendant may not be convicted of any offense upon the testimony of an accomplice unsupported by corroborative evidence tending to connect the defendant with the commission of such offense." N.Y. CPL § 60.22.; see also People v. Sweet, 78 N.Y.2d 263, 267 (1991), see also, People v. Hudson, 51 N.Y.2d 233, 238(1980); People v. Cona, 49 N.Y.2d 26, 35-36 (1979).  Respondent argues that this ground is an evidentiary claim that is not of a constitutional magnitude.

Federal review of a state court conviction is limited to errors of constitutional magnitude that denied a criminal defendant the right to a fundamentally fair trial.  Cupp v. Naughten, 414 U.S. 141, 146 (1973); Estelle v. McGuire, 502 U.S. 62, 68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.").  Ordinarily, state court rulings on evidentiary matters are matters of state law and "are not reviewable by a habeas court unless the errors alleged are so prejudicial as to constitute fundamental unfairness."  Rosario v. Kuhlman, 839 F.2d 918, 924-25 (2d Cir. 1988); see also, Lipinski v. People of New York, 557

F.2d 289, 292 (2d Cir. 1977) ("The states have traditionally been accorded great latitude in determining rules of evidence to govern proceedings in their own courts.  In this sensitive area, characterized by delicate and interrelated judgments of fairness and efficiency, the federal courts have trod lightly to refrain from abrasive disruptions of state procedures and to avoid rigidity in an area of law that should be, above all others, empirical.").

Petitioner fails to raise a question of fundamental unfairness.  In any event, a review of the record shows that there was corroborating evidence and the prosecution presented evidence of many of the fruits of Petitioner's crime found in his home.  As the Appellate Division noted in its decision, "[t]he burglar's tools and stolen property from two of the [victim] businesses were subsequently discovered by police in defendant's apartment, and a knapsack containing burglar's tools and clothing, identified by the accomplice as those used during the commission of the burglaries, was discovered across the street from defendant's apartment in the basement of his mother's house.  Under these circumstances, the evidence was sufficient to connect defendant to the crime spree."   People v. Spencer, 708 N.Y.S.2d 491.

Accordingly, Petitioner's third ground for habeas relief should be DENIED.

### 4.   Harsh and Excessive Sentence

Petitioner's last claim for habeas relief is that the sentences the trial court imposed upon him were harsh and excessive.  Respondent argues again that Petitioner has failed to exhaust his remedies with respect to this fourth ground for habeas relief.  As above, Respondent cites "Exhibit 11,"  Petitioner's letter to the Court of Appeals.  There is no mention of this claim in that letter to the Court of Appeals.

As stated above, federal habeas relief is not available unless the Petitioner "has

exhausted the remedies available in the courts of the State." Jones, 329 F.3d 294 (citing 28 U.S.C. §§ 2254 (b)(1)(A)). "Exhaustion requires a petitioner fairly to present the federal claim in state court." Jones, 329 F.3d at 294. A claim is "fairly presented" only if the petitioner has "informed the state court of both the factual and legal premises of the claim he asserts in federal court." Dorsey, 112 F.3d 52. The claim must be presented to the state's highest court. Morgan, 204 F.3d 369. Again, Petitioner has failed to exhaust the claim made in ground four of his habeas Petition. He did not provide the Court of Appeals with either the factual or legal basis of this claim.

Petitioner has made no attempt at showing cause for his default or that a failure to consider his claim will result in a fundamental miscarriage of justice. See Harris, 489 U.S. 262. However, federal courts have the discretion to deny a petitioner's unexhausted claims on the merits. See 28 U.S.C. § 2254(b).

Petitioner's claim that his sentence was harsh and excessive is meritless. A challenge to the term of a sentence does not present a cognizable constitutional issue if the sentence falls  within the statutory range.  White v. Keane, 969 F.2d 1381, 1383 (2d Cir.1992); accord Ross v. Gavin, 101 F.3d 687 (2d Cir.1996) (unpublished opinion). A petitioner's assertion that a sentencing judge abused his discretion in sentencing is generally not a federal claim subject to review by a habeas court. See Fielding v. LeFevre, 548 F.2d 1102, 1109 (2d Cir. 1977) (petitioner raised no cognizable federal claim by seeking to prove that state judge abused his sentencing discretion by disregarding psychiatric reports) (citing Townsend v. Burke, 334 U.S. 736, 741 (1948)("The [petitioner's] sentence being within the limits set by the statute, its severity would not be grounds for relief here even on direct review of the conviction, much less on review of the state court's denial of habeas corpus.")). Here,

the Appellate Division noted in its decision in denying Spencer's appeal that, "[a]lthough defendant received the maximum sentence for each offense, where a sentence falls within the permissible sentencing range, it should not be disturbed absent a clear abuse of discretion or extraordinary circumstances warranting modification." People v. Spencer, 708 N.Y.S.2d 792.  The appellate court went on to note that "[i]n light of defendant's extensive criminal history, including prior crimes of a similar nature and several previous incarcerations, we see neither a clear abuse of discretion nor extraordinary circumstances." Id.

For these reasons, Petitioner's fourth ground for habeas relief should be DENIED.

## IV. CONCLUSION

Based on the foregoing, it is recommended that the Petition be DISMISSED. Further, as the court finds there is no substantial question presented for appellate review, it is recommended that a certificate of appealability not issue.  28 U.S.C. § 2253(c)(2) (1996).

Respectfully submitted,

DATED:      January 16, 2007
            Syracuse, New York

Victor E. Bianchini
United States Magistrate Judge

**V. ORDERS**

Pursuant to 28 USC §636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within ten(10) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, as well as NDNY Local Rule 72.1(c).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME, OR TO REQUEST AN EXTENSION OF TIME TO FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT ORDER BY THE DISTRICT COURT ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d. Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988); see also 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, and NDNY Local Rule 72.1(c).

Please also note that the District Court, on *de novo* review, will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

SO ORDERED.

January 16, 2007

Victor E. Bianchini
United States Magistrate Judge

17